IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:05CR245 |
| v. | |
| CHARLES E. WIIG, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Charles E. Wiig's ("Wiig") *pro se* "28 U.S.C. § 2255 Motion to Vacate Sentence and Conviction" (Filing No. 229). On July 31, 2024, Wiig admitted to an allegation in a Petition for Offender Under Supervision ("petition") (Filing No. 188) that he had tested positive for methamphetamine four times in less than a year. The Court revoked Wiig's term of supervised release and sentenced him to six months in prison to be followed by five years of supervised release. His term of supervised release began on October 19, 2024 (Filing No. 230). *See Masten v. United States*, 752 F.3d 1142, 1146 n.2 (8th Cir. 2014) (stating § 2255's "custody" requirement is met where the movant is on supervised release).

Wiig now complains his attorney Jim Regan ("Regan")[1] was ineffective in several respects during those proceedings and in attempting to find him an appropriate facility for treatment. *See generally Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (explaining when a defendant may seek relief for the deficient performance of counsel).[2]

---

[1] Regan was Wiig's second appointed attorney during these proceedings and was stand-by counsel for the small portion of time that Wiig proceeded *pro se*.

[2] In the meantime, Wiig is alleged to have left his residential-treatment program without permission (Filing No. 231). Wiig was arrested pursuant to a warrant (Filing No. 232) and appeared for an initial appearance before a magistrate judge on November 7, 2024.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must "promptly examine" Wiig's motion and dismiss it if it "plainly appears . . . [he] is not entitled to relief." If not, the Court must order the government to respond. *See id.* The Court must accept Wiig's assertions as true and will hold a hearing unless those allegations "are contradicted by the record, inherently incredible, merely conclusions, or would not entitle [him] to relief." *Roundtree v. United States*, 751 F.3d 923, 926 (8th Cir. 2014) (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)).

Upon careful review, the Court finds Wiig is not entitled to relief. For one, Wiig is not entitled to relief based on any purported statement by Regan that "only one failed drug test was needed for revoking [his] supervision." The petition in these proceedings (1) clearly stated that revocation was required if the Court found Wiig submitted "more than three positive tests for drug use within one year" and (2) alleged that Wiig had tested positive for methamphetamine four times since December 2023. *See* 18 U.S.C. § 3565(b)(4) (providing that revocation is mandatory if the defendant "tests positive for illegal controlled substances more than 3 times over the course of 1 year"). Wiig points to a letter from Regan that he contends shows he was advised that "only one failed drug test was needed for revoking [his] supervision." But the most natural reading of that letter indicates that Wiig either sorely misunderstood or misrepresents Regan's advice.

Wiig highlights Regan's statement that they agreed Wiig had used "meth while on supervised release, which alone is enough to" establish a violation of his release conditions. That statement did not describe the effect of any drug-test results but rather accurately explained that any use of meth by Wiig violated his conditions, which required him to refrain from using any controlled substance (Filing No. 42). *See* 18 U.S.C. § 3563 (requiring as a condition of supervised release that the defendant not commit another federal crime and allowing as a condition that the defendant not use controlled substances). As Regan described, that violation alone could have resulted in revocation. *See* 18 U.S.C. § 3565(a). But the existence of more than three positive drug tests rendered his revocation

2

mandatory if proven. *See id.* § 3565(b)(4). Accordingly, the advice Wiig complains of was neither deficient nor prejudicial.

Wiig is also dissatisfied with Regan's efforts to request and secure his placement in particular treatment centers and programs. Even if true, Wiig's allegations do not pertain to any condition of his conviction or sentence imposed by the Court and fail to establish how he has been prejudiced. *See Andrus v. Texas*, 590 U.S. 806, 813-14 (2020) (explaining a movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (quoting *Strickland*, 466 U.S. at 694)); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (stating a defendant's challenge to the execution of his sentence must be brought under § 2241); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (concluding a claim challenging the execution of one's sentence, including the place of detention, is not proper under § 2255). This proffered ground for relief therefore fails.

Wiig's contentions surrounding his alleged failure to report for or obtain drug evaluations also do not entitle him to relief. Those assertions were relevant only to Allegations 2 and 3 of the petition, both of which were dismissed after Wiig admitted Allegation 1. He thus is unable to show how any purported mishandling of those allegations prejudiced him.

Finally, Wiig claims that he was prejudiced by the magistrate judge and Regan "coercing" him to be psychologically evaluated. On May 6, 2024, the magistrate judge held a hearing on Wiig's *pro se* Motion for Self-Representation (Filing No. 198) and his then-counsel Rich McGowan's ("McGowan") Motion to Withdraw as Counsel (Filing No. 199). At that hearing, Wiig's assertions that he was not receiving his psychiatric medication were a significant topic of discussion. The magistrate judge explained to Wiig that obtaining a psychological evaluation would be helpful to ensure he got the proper care and to move the proceedings along effectively, especially in light of his personal history.

Wiig seemed to somewhat deny concerns regarding his mental condition, emphasizing that he was released without issue from a recent hospital visit. He clearly stated multiple times, however, that he was "not going to object to the psych evaluation" the magistrate judge intended to order. That day, the magistrate judge permitted McGowan to withdraw, leading to Regan's appointment, and ordered the psychological evaluation. Because Wiig's assertions are contradicted by the record and fail to establish prejudice that could be remedied under § 2255, this ground for relief is denied.

In light of these reasons, Wiig's "28 U.S.C. § 2255 Motion to Vacate Sentence and Conviction" (Filing No. 229) is denied. A separate judgment will issue.

Dated this 13th day of November 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge