IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

CHARLES E. WIIG,

        Defendant.

**8:05CR245**

**MEMORANDUM
AND ORDER**

This matter is before the Court on defendant Charles E. Wiig's ("Wiig") *pro se* "Motion for Reconsideration" (Filing No. 244) and "Second 28 U.S.C. § 2255 Motion to Vacate Supervised Release Sentence" (Filing No. 245). Wiig first asks the Court to reconsider its November 13, 2024, denial (Filing No. 240) of his first § 2255 motion to vacate the supervised-release sentence he began serving October 19, 2024. In his second motion, Wiig further expounds on issues previously raised in his first § 2255 and asks the Court to appoint counsel to help him pursue those issues. Both motions are denied.[1]

First, the Court has reviewed Wiig's latest submission and finds no compelling reason to reconsider its prior ruling. Wiig merely reiterates issues and arguments duly considered and soundly rejected by the Court.

Second, despite Wiig's suggestion to the contrary, his "Second 28 U.S.C. § 2255 Motion" does constitute an unauthorized second or successive § 2255 motion and is "subject to the restrictions on" such motions in § 2255(h) and 28 U.S.C. § 2244. *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also* 28 U.S.C. § 2255(h) (requiring certification by the court of appeals for "[a] second or successive motion" and limiting the

---

[1]The Court notes Wiig has a dispositional hearing scheduled before this Court on January 8, 2025, (Filing No. 236) on a different Petition for Offender Under Supervision (Filing No. 231). To the extent, if any, that his current submissions raise any issues related to that petition, the Court will address them at that hearing.

circumstances in which it can).  Wiig has neither shown that he has met those requirements, *see Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018) (noting a prisoner cannot evade those restrictions simply by filing another § 2255 motion in the district court), nor persuaded the Court that equitable tolling—or some other pertinent legal doctrine— excuses his failure, *see Pliler v. Ford*, 542 U.S. 225, 234 (2004) (remanding for further proceedings based on lingering concerns the "respondent had been affirmatively misled" by the district court); *id.* at 234-35 (O'Connor, J., concurring) (noting that "if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate").

Based on the foregoing,

IT IS ORDERED:

1.    Defendant Charles E. Wiig's "Motion for Reconsideration" (Filing No. 244) and "Second 28 U.S.C. § 2255 Motion to Vacate Supervised Release Sentence" (Filing No. 245) are both denied.

2.    No certificate of appealability will issue.

Dated this 7th day of January 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge